## CECILE, f. w. c. *v.* SIDNEY A. LACOSTE AND WIFE.

A bequest in the following words: "I give and bequeath, in consideration of her good and faithful services, to the free *griffe* woman *Cecile*, three arpents front of my land, to be taken from the line of the plantation of *Honoré Favre*, with the whole depth, to be enjoyed by her during her life in usufruct; the said land, after her death, to belong to her children "—is a particular legacy.

A particular legatee is not bound to contribute to the payment of the debts of the succession, where the succession is rich; and an usufructuary, under a particular title, is not bound to discharge the debts for which the property bequeathed is mortgaged.

The universal legatee is, by law, bound to discharge the debts of the succession.

If the effect of the testamentary disposition to *Cecile* is held to vest the property in the heirs, legal or testamentary, a substitution would be created in relation to it, and the disposition itself would fail.

There can be no doubt that the intention of the testatrix was, to vest the property in the children of *Cecile*, and give her the usufruct, to terminate at her death, provided her life did not extend beyond the term assigned by law for the duration of an usufruct.

APPEAL from the District Court, Ninth District, Parish of Point Coupée, *Farrar*, J. *Provosty & Roy*, for plaintiff. *Cooley*, for defendant and appellant.

Appellant's counsel maintained that the legacy was by universal title, and that the legatee was bound to pay her proportion of the debts of the testator.

Code, 580, 581. The will contains a substitution. *Rachal* v. *Rachal*, 1 L. R. 118. Under it

1st. The children of Cecile did not take the naked property on the death of the testatrix.

2d. There was no one *in esse*, clearly designated by the will, to take the naked property on the death of the testatrix.

I. Unless the language of the will is entirely perverted, under the pretext of searching for the intentions of the testatrix, it is utterly impossible to say that "*devant appartenir après sa mort*," means, that the children are to be proprietors *avant sa mort;* and to this it must come, if the children of Cecile have any title under the will, before the death of their mother. There is no room for equivocation; the words stare us in the face, and defy the ablest ingenuity to torture them into a different meaning. "Candles are not to be lighted when the sun shines brightly." 7 L. R. p. 230.

II. But there is no certainty, even as to who are to be the legatees under this clause: "la dite terre devant après son décès appartenir à ses enfants." All the present children may die, and the plaintiff may have other children at the time of her death. If so, these latter are the legatees meant in the will. In the case of *Rachal*, above mentioned, which was almost entirely similar in this respect, the Supreme Court decided that the testator meant children existing at the time of the death of the original legatee. The words in the will were, "si elle décède avant son mari, les dits biens *passeront à ses enfants*, tels qu'elle les aura reçus de moi."

In the case just mentioned, the Court intimates, that "if the testator *had named the children living* at the time he made his will; *had instituted them his heirs*, and had provided, that after the death of their mother, they should take the property, it might, *perhaps*, have been difficult to distinguish such a disposition from that permitted by Art. 1509." The case here, does not come even under the liberal view taken of what, *perhaps*, might be decided; for the will does not *name* the children, and does not institute *them* heirs of the testatrix. Should they all die before their mother, they cannot transmit any title to their heirs; whereas, the person "to whom the naked property in an estate is bequeathed, has a right transmissible to his heirs, who may become absolute owners by the death of the usufructuary."

Besides, under the name of children, are comprehended not only the children of the first degree, but the grand children, great grand children, and all other descendants in the direct line. C. C. 3522.

"Liberorum appellatione nepotes et pronepotes, eosque qui ex his descendunt continentur." L. 220, § de verb. sig. Merlin R. de J. verbo *Enfant*.

The case of *Roy* v. *Latiolais*, which bears the nearest similarity to the present, was decided by only two Judges—*Judge Rost*, dissenting. Besides, in that case, the legatee was named and made certain. 5th Ann. 556.

The case of the *Succession of Ducloslange*, 4 R. R. 410, is also distinguishable from the present in this: the terms used were "*reversible* après elle à mes enfants," which conveys a different idea from "*devant* appartenir." In the one case, the existence of the title previous to the death of the usufructuary, seems to be understood—*there is room for interpretation;* but in this case it is almost impossible to understand the will differently from what is contended for by the appellees.

The decision, however, of the case of *Ducloslange*, when closely examined and compared with all the other cases of a similar character, appears to be incorrect. It is, of course, with diffidence that such a proposition is started, but it is with a firm conviction that, according to the true principles which should govern the case, there was a substitution, reprobated by the law, in the will of *Ducloslange*, and, as it stands alone, perhaps the present case affords a good opportunity to come back to the true fundamental principles of the subject. It is believed, also, to be in contradiction with the case of *Rachal* v. *Rachal*.

If this latitude of interpretation is allowed in relation to wills, we may as well forget all that we have learned in relation to substitutions; because it is so easy to suppose that the testator intended to make a valid will; and the presumption that he intended to do so—supplying interpretation—it would be difficult to find a case where a will would be annulled.

EUSTIS, C. J. This appeal is taken by the defendants from a judgment of the Court of the Ninth District, sitting in the parish of Pointe Coupée, rendered in favor of the plaintiff, against *Virginie Esneault*, one of the defendants and wife of *Sidney A. Lacoste*.

This judgment was for the recovery of a piece of land, having one arpent front by eighty arpents in depth, with the improvements thereon, the same having been bequeathed to her in usufruct, and the property to her children, by the last will and testament of the late widow *Simon Porche*. The judgment is against the defendant as the universal legatee of the testatrix, as recognized by a judgment of this Court, rendered on the 3d February, 1852, affirming the judgment appealed from. *Marcellin Major et al.* v. *Virginie Esneault*, 7 Annual Reports.

The bequest to the plaintiff was for three arpents of land in usufruct, but as she held two of them under a good title, the litigation is confined to her rights in the one arpent front, by the depth of eighty acres.

The testatrix says, in her will, after instituting *Virginie Esneault* her universal legatee: "I give and bequeath, in consideration of her good and faithful services, to the free *griffe* woman *Cecile*, three arpents front of my land, to be taken from the line of the plantation of *Honoré Fuvre*, with the whole depth, to be enjoyed by her during her life in usufruct, the said land, after her death, to belong to her children."

We do not concur in the opinion of the counsel for the defendants, that the legacy constitutes what is called an universal title. It is the legacy of a distinct object, and is of that class called particular legacies. The plaintiff, as a particular legatee, is not bound to contribute to the payment of the debts. The succession is rich, and, as an usufructuary under a particular title, the plaintiff is not bound to discharge the debts for which the property bequeathed is mortgaged. Code, Art. 575. The universal legatee by law, and in this case, by the express command of the will, is bound to discharge all the debts of the succession.

At the time of the decease of the testatrix, the plaintiff had eight children living—the youngest was born years before the date of the will.

If the effect of this testamentary disposition is held to vest the property in the heirs, legal or testamentary, a substitution would be created in relation to it, and the disposition itself would fail.

A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none. Code, 1706.

In avoiding this construction, which killeth, we are carrying into effect the intention of the testatrix, and have in view her purpose of beneficence, which was to recompense a faithful and deserving servant.

The clause of the will is badly expressed, but there can be no doubt, we think, as to whom were the object of the charity of the testatrix. We think it vested the property in the children of the plaintiff, and gave her the usufruct, to terminate on her death, provided her life should not extend beyond the term assigned [ by law ] to the duration of the usufruct.

The judgment of the District Court is, therefore, affirmed, with costs.